**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOLORES M. KLOSS, | CIVIL ACTION NO. 09-3356 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| BERNADINE E. PEARCE, et al., | |
| Defendants. | |

**THE PLAINTIFF**, who is pro se, being required to either pay the filing fee or apply for in-forma-pauperis relief, see 28 U.S.C. §§ 1914, 1915; see also L.Civ.R. 54.3(a) (stating complaint will not be filed "unless the fee therefor is paid in advance"); and the plaintiff being no stranger to commencing litigation in the District of New Jersey, and thus being aware of this requirement, see Order, Kloss v. Social Security Administration, No. 05-1939 (D.N.J. June 3, 2005) (granting application for in-forma-pauperis relief); Filing Fee Receipt, Kloss v. Borough of Point Pleasant, No. 03-4749 (D.N.J. Oct. 7, 2003); Filing Fee Receipt, Kloss v. Department of Treasury, No. 02-5830 (D.N.J. Dec. 10, 2002); Filing Fee Receipt, Kloss v. Point Pleasant Police Department, No. 02-5829 (D.N.J. Dec. 10, 2002); Filing Fee Receipt, Kloss v. Point Pleasant Municipal Court, No. 02-5827 (D.N.J. Dec. 10, 2002); Filing Fee Receipt, Kloss v. Miller, No. 01-3777 (D.N.J. Aug. 9, 2001); and the

plaintiff neither paying the fee nor applying for in-forma-pauperis relief; but the Court, rather than holding the action in abeyance, reviewing the merits of the action now, see Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990); and

**IT APPEARING** that the Court may (1) review a complaint, and (2) dispose of it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, see 28 U.S.C. § 1915(e)(2)(B); and the Court construing this pro se pleading liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept[ing] as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view[ing] them in the light most favorable to the plaintiff", Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); but it appearing that the Court need not credit bald assertions or legal conclusions, id.; and

**THE COURT** carefully reviewing all of the documents submitted by the plaintiff; and the plaintiff bringing this action against the defendant Bernadine E. Pearce, who is the tax collector for Point Pleasant, New Jersey ("Pearce"), and the defendants Garden State Investment and Isador H. May ("GSI Parties"), on the basis of subject matter jurisdiction under 28 U.S.C. § ("Section") 1331; and the plaintiff alleging three claims under federal law:

(1) Pearce has sold the plaintiff's property, thereby committing "grand theft" in violation of the Federal Tort Claims Act ("FTCA") ("First Claim") (dkt. entry no. 1, Compl. at 1);

(2) this Court should "dismiss the civil action" that has been brought against the plaintiff in state court by the GSI Parties (id. at 2), as well as a state court action brought against the plaintiff by Pearce, because "[t]here are legal discrepancies" therein ("Second Claim") (id., Ex. A, Supplemental Aff. at 1-2); and

(3) this Court should "levy criminal charges against the [municipal] Tax Collector" for "initiating a tax sale and publicly selling [the plaintiff's] property" (Compl. at 1, 3; see Supplemental Aff. at 1-2 (stating Pearce "sold the property of [the plaintiff] and filed a complaint in the New Jersey Superior Court" and seeking "review [of] the assessments by Tax Collector Pearce" and "a sanction against the Tax Collector for the criminal action of a Tax Sale")); and

**IT APPEARING** that the FTCA does not apply, as no federal agency is or could be named as a defendant, see 28 U.S.C. § 1346(b) (concerning tort action against federal government); 28 U.S.C. § 2401(b) (concerning tort action against federal agencies); and it further appearing that the First Claim, to the extent that it can be construed as being brought in the public interest, does not give rise to a federal claim, see Hill v.

Nassberg, 166 Fed.Appx. 608, 610 (3d Cir. 2006) (dismissing as frivolous an appeal from order dismissing claim concerning plaintiff's "generalized grievance as a concerned citizen"); and it further appearing that to the extent that the plaintiff seeks relief from the imposition and collection of local taxes, such a claim is barred, see 28 U.S.C. § 1341 (barring district court from reviewing assessment, levy, or collection of local tax); Hill v. Carpenter, No. 08-2058, 2009 WL 1069168, at *3 (3d Cir. Apr. 22, 2009) (affirming so much of order dismissing claim under federal law challenging county's tax assessment); and thus it appearing that the First Claim is barred; and

**IT FURTHER APPEARING** that the Second Claim seeks review of decisions in at least two state court actions; and it appearing that the proper way to seek review of a state court decision is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court, see D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923); and it appearing that the Rooker-Feldman doctrine prohibits a federal court from voiding a state court's decision and preventing a state court from enforcing its orders, see McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005); and it appearing that this Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a state court decision, see,

4

e.g., Moncrief v. Chase Manhattan Mtge. Corp., 275 Fed.Appx. 149, 152-53 (3d Cir. 2008) (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by Rooker-Feldman doctrine because plaintiff sought redress from state court judgment); and

**IT FURTHER APPEARING** that the Second Claim may also seek review of state court actions that are ongoing; but it appearing that a federal court must abstain from exercising jurisdiction, pursuant to the Younger abstention doctrine, when (1) a state court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court, see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971); and thus it appearing that the Second Claim is barred; and

**IT FURTHER APPEARING** that the Third Claim seeks to compel an investigation and a prosecution; but it appearing that a private citizen cannot compel the state or federal government to do so, as initiating an investigation or a prosecution is a function of governmental discretion, see Millhouse v. Levi, 267 Fed.Appx. 140, 141 (3d Cir. 2008) (concerning request to investigate detention center, and citing Linda R.S. v. Roland D., 410 U.S. 614, 619 (1973)); Morrow v. Meehan, 258 Fed.Appx. 492, 493-94 (3d Cir. 2007) (concerning husband's request to compel United States

5

Attorney to issue warrant for wife's arrest for kidnaping child), cert. denied, 128 S.Ct. 2092 (2008); Nicholas v. Heffner, 228 Fed.Appx. 139, 141 (3d Cir. 2007) (dismissing for lack of merit an appeal from order dismissing claim to compel investigation of police officers); Gimbi v. Fairbank Capital Corp., 207 Fed.Appx. 143, 144 (3d Cir. 2006) (denying motion to compel district court to convene grand jury, as there is no federal right to do so); and it appearing that such a right does not arise from the plaintiff's status as a citizen and taxpayer, see Schoenrogge v. Rooney, 255 Fed.Appx. 324, 325-26 (10th Cir. 2007) (stating same in affirming order dismissing claim seeking to compel federal official to terminate certain employees); and thus it appearing that the Third Claim is barred; and

    **THE COURT** intending to (1) not file the Complaint, as (a) the plaintiff has neither paid the fee nor sought in-forma-pauperis relief, and (b) it is frivolous and fails to state a claim insofar as it asserts claims under federal law and jurisdiction under Section 1331, and (2) designate the action as closed; but the Court also intending to grant the plaintiff leave to reinstate the Complaint in state court only to the extent that it may assert state law claims, as the limitations period for the state causes of action are tolled by the filing of a federal complaint, see 28 U.S.C. § 1367(d) (concerning state law claims surviving dismissal of federal law claims); and the Court noting

6

that the merits of any potential state law claims will not be addressed here; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                  s/ Mary L. Cooper  
                                                 **MARY L. COOPER**  
                                                 United States District Judge

Dated:     July 21, 2009